

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHANEL, INC., a New York Corporation )
Nine West 57th Street , )
New York, New York 10019 )
)
      Plaintiff, )
)
v. )
)
TASHAWNDA GREEN, an individual, )
d/b/a/ celebritystatusjewels.com d/b/a )
celebstatjewels d/b/a @celebstatjewels d/b/a )
the p show d/b/a celebrity status jewels d/b/a )
@casecandybyp d/b/a case candy, )
and )
)
DOES 1-10 )
)
      Defendants. )

Civil Action No. 3:15-cv-503

**JURY TRIAL DEMANDED**

## COMPLAINT

    Plaintiff, CHANEL, INC., a New York corporation ("Chanel" or "Plaintiff") hereby sues

Defendants, TASHAWNDA GREEN, an individual, d/b/a/ celebritystatusjewels.com d/b/a

celebstatjewels d/b/a @celebstatjewels d/b/a the p show d/b/a celebrity status jewels d/b/a

@casecandybyp d/b/a case candy ("Green") and DOES 1-10 (collectively "Defendants") and

alleges as follows:

### JURISDICTION AND VENUE

    1.    This is an action for federal trademark counterfeiting and infringement, false

designation of origin, and common law unfair competition pursuant to 15 U.S.C. §§ 1114, 1116,

1121 and 1125, and trademark infringement pursuant to Section 59.1-92.12 of the Code of

Virginia. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, and 1338. Venue is

proper in this Court pursuant 28 U.S.C. § 1391 since a substantial part of the events giving rise to

1

Plaintiff's claims occurred in this District, and Defendants conduct substantial business activities within this District.

## THE PARTIES

2.      Chanel is a corporation duly organized under the laws of the state of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel has been engaged in the business of manufacturing and distributing throughout the world, including within this District, high quality luxury goods under multiple world famous common law and federally registered trademarks including those identified in Paragraph 8 below. Chanel regularly enforces its intellectual property rights and authorized that this action be brought in its name.

3.      Green is an individual with her principal place of business located at, upon information and belief, 4 South 1st Street, Richmond, Virginia, and, upon information and belief, resides at 411 Roxana Road, Henrico, Virginia. Upon information and belief, Green is promoting, selling, offering for sale, and distributing goods bearing counterfeits and confusingly similar imitations of Chanel's trademarks within this District through various fully interactive commercial Internet website operating under her domain name "celebritystatusjewels.com" (the "Subject Domain Name") and also, upon information and belief, uses the aliases "celebstatjewels," "@celebstatjewels," "the p show," "celebrity status jewels," "@casecandybyp," and "case candy" in connection with the operation of her counterfeiting business.

4.      Upon information and belief, Defendants are directly and personally engaging in the sale of counterfeit and infringing products within this District as alleged herein.

5.      Defendant Does 1-5 are, upon information and belief, individuals who reside and/or conduct substantial business within this District. Further, Does 1-5 are directly and personally contributing, inducing and engaging in the sale of counterfeit and infringing products as alleged herein as partners or suppliers to the named Defendants. Plaintiff is presently unaware

of the true names of Does 1-5.  Plaintiff will amend this Complaint upon discovery of the identities of such fictitious Defendants.

6.      Defendant Does 6-10 are business entities which, upon information and belief, reside and\or conduct business within this District.  Moreover, Does 6-10 are, upon information and belief, directly engaging in the sale of counterfeit and infringing products as alleged herein as partners or suppliers to the named Defendants.   Plaintiff is presently unaware of the true names of Does 6-10.  Plaintiff will amend this Complaint upon discovery of the identities of such fictitious Defendants.

## COMMON FACTUAL ALLEGATIONS

7.      Chanel is the owner of the following trademarks and United States Federal Trademark Registrations:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| ℂℂ | 4,074,269 | December 20, 2011 | IC 09 – Protective Covers for Portable Electronic Devices |
| CHANEL | 3,890,159 | December 14, 2011 | IC 09 – Protective Covers for Portable Electronic Devices |
| ℂℂ | 1,734,822 | November 24, 1992 | IC 18- Leather goods; namely, handbags, wallets, travel bags, luggage, business card cases, change purses, tote bags, and cosmetic bags sold empty |
| ℂℂ | 4,241,822 | November 13, 2012 | IC 25 - Clothing, namely, coats, jackets, dresses, tops, blouses, sweaters, cardigans, skirts, vests, pants, |

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|-----------|---------------------|-------------------|-----------------|
| | | | jeans, belts, swim wear, pareos, beach cover-ups, hats, sun visors, scarves, shawls, ties, gloves, footwear, hosiery and socks |
| ⌬ | 1,501,898 | August 30, 1988 | (Int'l Class: 6) Keychains<br><br>(Int'l Class: 14) Costume jewelry<br><br>(Int'l Class: 16) Gift wrapping paper<br><br>(Int'l Class: 25) Blouses, shoes, belts, scarves, jackets, men's ties<br><br>(Int'l Class: 26) Brooches, buttons for clothing |

The Trademarks are registered in International Classes 9, 14, 18 and 25 and are used in connection with manufacture and distribution of, among other things, high quality cell phone cases, wallets, hats, and costume jewelry, including necklaces and earrings. Additionally, Chanel is the owner of all common law rights in and to the CHANEL, and ⌬ Marks as associated with cell phone cases, wallets, hats, and costume jewelry, including necklaces and earrings (the above-identified common law and registered marks shall collectively be referred to herein as the "Chanel Marks").

8.    The Chanel Marks have been used in interstate commerce to identify and distinguish Plaintiff's high quality goods for an extended period of time.

4

9.      The Chanel Marks have never been assigned or licensed to any of Defendants in this matter.

10.      The Chanel Marks are symbols of Plaintiff's quality, reputation and goodwill and have never been abandoned.

11.      Further, Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

12.      Plaintiff has extensively used, advertised and promoted the Chanel Marks in the United States in association with the sale of high quality goods and has carefully monitored and policed the use of the Chanel Marks.

13.      As a result of Plaintiff's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks as being high quality merchandise sponsored and approved by Plaintiff.

14.      Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality goods.

15.      Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

16.      Plaintiff has discovered Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit and infringing products, including at least cell phone cases, wallets, hats, and costume jewelry, including necklaces and earrings, and other goods bearing trademarks which are counterfeits or infringements of the Chanel Marks (the

"Infringing Goods"). Specifically, upon information and belief, Defendants are using the Chanel
Marks in the same stylized fashion, for different and inferior quality goods.

17.     Upon information and belief, Defendants' Infringing Goods are of a quality
substantially different than that of Plaintiff's genuine goods.  Despite the nature of their
Infringing Goods and the knowledge they are without authority to do so, Defendants, upon
information and belief, are actively using, promoting and otherwise advertising, distributing,
selling and/or offering for sale substantial quantities of their Infringing Goods with the
knowledge that such goods will be mistaken for the genuine high quality products offered for
sale by Plaintiff. The net effect of Defendants' actions will result in the confusion of consumers
who will believe Defendants' Infringing Goods are genuine goods originating from and approved
by Plaintiff.

18.     Upon information and belief, Defendants import their Infringing Goods and
advertise those goods for sale to the consuming public.  In so advertising these products,
Defendants use the Chanel Marks. Indeed, Defendants herein, upon information and belief,
misappropriated Plaintiff's advertising ideas and entire style of doing business with regard to the
advertisement and sale of Plaintiff's genuine products.  Upon information and belief, the
misappropriation of Plaintiff's advertising ideas in the form of the Chanel Marks has occurred, in
part, in the course of Defendants' advertising activities and has been the proximate cause of
damage to Plaintiff.

19.     Upon information and belief, Defendants are conducting their counterfeiting and
infringing activities at least within this District and elsewhere throughout the United States.  As a
result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own
benefit.  Defendants' infringement and disparagement of Plaintiff does not simply amount to the

6

wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

20.     Defendants' use of the Chanel Marks, including the importation, promotion and advertisement, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without Plaintiff's consent or authorization.

21.     Further, Defendants are, upon information and belief, engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading on the goodwill and reputation of Chanel. If Defendants' intentional counterfeiting and infringing activities are not permanently enjoined by this Court, Plaintiff and the consuming public will continue to be damaged.

22.     Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Plaintiff's genuine goods and Defendants' Infringing Goods.

23.     Plaintiff has no adequate remedy at law.

24.     Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' counterfeiting and infringing activities.

25.     The injuries and damages sustained by Plaintiff has been directly and proximately caused by Defendants' wrongful importation, reproduction, use, advertisement, promotion, offering to sell, and sale of their Infringing Goods.

26.     Plaintiff has retained the undersigned counsel to represent them in this matter and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I
## Trademark Counterfeiting

27.     Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 26 above.

28.     This is an action for trademark counterfeiting against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of cell phone cases, wallets, hats, and costume jewelry, including necklaces and earrings bearing the Chanel Marks.

29.     Specifically, Defendants, upon information and belief, are importing or manufacturing, promoting and otherwise advertising, selling, offering for sale and distributing counterfeit cell phone cases, wallets, hats, and costume jewelry, including necklaces and earrings and other goods bearing the Chanel Marks.  Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote and sell counterfeit cell phone cases, wallets, hats, and costume jewelry, including necklaces and earrings and other goods.

30.     Defendants' counterfeiting and infringing activities are likely to cause and actually cause confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Infringing Goods bearing the Chanel Marks.

31.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiff.

8

32.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

33.     Plaintiff has suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not permanently enjoined.

## COUNT II
## Trademark Infringement

34.     Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

35.     This is an action for trademark infringement against Defendants based on their manufacture, promotion, advertisement, distribution, sale and/or offering for sale of goods bearing imitations of the Chanel Marks.

36.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing similar counterfeit and infringing products bearing the Chanel Marks. Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote and sell counterfeit and infringing branded goods.

37.     Defendants' counterfeiting and infringing activities are likely to cause and actually cause confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Infringing Goods bearing the Chanel Marks.

38.     Defendants' unlawful actions have caused, and are continuing to cause, unquantifiable damages to Plaintiff.

39.     Defendants' above-described illegal actions constitute infringement of the Chanel Marks in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

9

40.     Plaintiff has suffered, and will continue to suffer, irreparable injury due to the above described activities of Defendants if Defendants are not permanently enjoined.

## COUNT III
### False Designation of Origin Pursuant to § 43(a) of the Lanham Act

41.     Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 40 above.

42.     Defendants' Infringing Goods bearing the Chanel Marks have been widely advertised and distributed throughout the United States.

43.     Defendants' Infringing Goods bearing the Chanel Marks are virtually identical in appearance to Plaintiff's genuine goods. However, the Infringing Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Infringing Goods.

44.     Defendants, upon information and belief, have used in connection with their sale of Infringing Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff.

45.     Specifically, Defendants, upon information and belief, have authorized an infringing use of the Chanel Marks, in Defendants' advertisement and promotion of their counterfeit and infringing cell phone cases, wallets, hats, and costume jewelry, including necklaces and earrings, rugs, selfie sticks, phone charger, USB drives, and other goods. Defendants, upon information and belief, have misrepresented to members of the consuming

public that the Infringing Goods being advertised and sold by them are genuine, non-infringing products.

46.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

47.     Plaintiff has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT IV -
## Trademark Dilution

48.     Plaintiff adopts and re-alleges the allegations set forth in Paragraphs 1 through 47 above.

49.     The Chanel Marks are famous trademarks within the meaning of 15 U.S.C. §1125(c).   The Chanel Marks are advertised and used extensively throughout the United States and the remainder of the world and are highly recognizable by the trade and the consuming public.  Further, Plaintiff actively polices the use of its marks by third parties.

50.     Defendants are engaged in a commercial use of the Chanel Marks in commerce.

51.     Defendants' above-described counterfeiting activities are disparaging, damaging and lessening the distinctiveness of the Chanel Marks through, at least, blurring and tarnishment of said Marks.  Indeed, Defendants are publishing materials in their advertising which disparage Plaintiff's products by, at least, creating an unfair comparison between Plaintiff's genuine goods and Defendants' Infringing Goods.

52.     Defendants' actions described herein have been engaged in intentionally or with a reckless disregard for or willful blindness to Plaintiff's rights for the purpose of trading on Plaintiff's reputation and diluting the Chanel Marks.

53.     As a result of the above described diluting and disparaging activities of Defendants, Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and Defendants have been unjustly enriched.

## COUNT V
## Common Law Trademark Infringement

54.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 53 above.

55.     This is an action for infringement by Defendants based on their use of the Chanel Marks on their Infringing Goods in violation of the Section 59.1-92.12 of the Code of Virginia.

56.     Defendants' use causes a likelihood of confusion or misunderstanding, and is a deceptive representation that Defendants' Infringing Goods have a source, sponsorship, approval, status, affiliation, or connection with Plaintiff that they do not have.

57.     Defendants' use of the Chanel Marks on their Infringing Goods is likely to confuse and deceive the public by misrepresenting that Plaintiff is a source or sponsor for or is affiliated or connected with or has approved or endorsed Defendants' Infringing Goods thereby causing Plaintiff immediate and irreparable damage.

58.     Plaintiff has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT VI
## Common Law Unfair Competition

59.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 58 above.

60. This is an action against Defendants based on their (i) promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are identical to the Chanel Marks in violation of Virginia's common law of unfair competition.

61. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing infringing and goods bearing counterfeits of the Chanel Marks. Defendants are using counterfeits and infringements of the Chanel Marks to unfairly compete with Plaintiff via the World Wide Web through their website operating under the Subject Domain Name as well as via numerous social media platforms.

62. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Chanel Marks.

63. Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## PRAYER FOR RELIEF

64. WHEREFORE, Plaintiff demands judgment, jointly and severally, against Defendants as follows:

a. Entry of a permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products

of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff; from falsely representing themselves as being connected with Plaintiff, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, or in any way endorsed by, approved by, and/or associated with Plaintiff; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants, including, without limitation, cell phone cases, wallets, hats, and costume jewelry, including necklaces and earrings, rugs, selfie sticks, phone charger, USB drives, and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe  or represent Defendants' goods as being those of Plaintiff, or in any way endorsed by Plaintiff and from offering such goods in commerce; and from otherwise unfairly competing with Plaintiff.

    b.    Entry of an Order requiring Defendants to account to and pay Chanel for all profits and damages resulting from Defendants' trademark infringing and counterfeiting activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to Counts I and II, that Chanel be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per counterfeit Chanel Mark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

    c.    Entry of an Order awarding Chanel profits and damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' dilution of the Chanel Marks.

d.      Entry of an Order awarding Chanel damages arising out of Defendants' wilful and intentional infringing practices pursuant to Sections 59.1-92.12 and 59.1-92.13 of the Code of Virginia.

e.      Entry of an Order requiring the Subject Domain Name, and any other domain names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Chanel Marks be disabled and/or immediately transferred by Defendants, their Registrars, and/or the Registries, or by the applicable governing Internet marketplace websites to Chanel's control.

f.      Entry of an Order that, upon Chanel's request, the top level domain (TLD) Registry for each of the Subject Domain Names or their administrators place the Subject Domain Names on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files maintained by the Registries or their administrators which link the Subject Domain Name to the IP addresses where the associated website is hosted.

g.      Entry of an Order that, upon Chanel's request, any Internet search engines, Web hosts, domain-name registrars and domain-name registries or administrators, that are provided with notice of the injunction, cease facilitating access to any or all websites through which Defendants engage in the promotion, offering for sale and/or sale of goods bearing counterfeits and/or infringements of the Chanel Marks

h.      Entry of an Order awarding Plaintiff pre-judgment interest on its judgment.

i.      Entry of an Order awarding Plaintiff its costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

j.      Entry of an Order awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED this _____ day of August, 2015.

Respectfully submitted,

WILLIAMS MULLEN

By: _____
                        Counsel

Patrick R. Hanes, Esq. (VSB No. 38148)
Daniel P. Watkins, Esq. (VSB No. 84592)
WILLIAMS MULLEN
200 South Tenth Street
Richmond, Virginia 23219
Telephone: (804) 420-6000
Facsimile: (804) 420-6507
E-mail: phanes@williamsmullen.com
        dwatkins@williamsmullen.com